Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:  619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions.legal

Attorney for Navient Solutions, LLC
(misidentified in Plaintiff's Complaint
as "Navient Corporation")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LEO WESLEY WILLIAMS, II | ) Case No.: 2:17-cv-07471-GW-PLA |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6) |
| NAVIENT CORPORATION, | ) |
| Defendant. | ) Date: February 8, 2018<br>) Time:  8:30 a.m.<br>) Courtroom 9D, 9th Floor<br>) Hon. George H. Wu |

Defendant Navient Solutions, LLC ("NSL" or "Defendant"), misidentified in Plaintiff's Complaint as "Navient Corporation," respectfully submits this Notice of Non-Receipt of Opposition to Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and requests that the motion be granted without leave to

amend.

## I.   Introduction

Plaintiff has not opposed NSL's Motion to Dismiss, which should be deemed consent to the granting of the motion.  L.R. 7.12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion….").   The Complaint fails to state a claim upon which relief may be granted and NSL is entitled to judgment of dismissal as a matter of law.  Given Plaintiff's failure to oppose the motion, or to amend the Complaint within the deadline set by the Court, the motion should be granted without leave to amend.

## II.   Plaintiff Failed To Oppose The Motion

NSL is entitled to judgment of dismissal as to Plaintiff's Complaint in its entirety because, as stated in NSL's motion, Plaintiff has failed to allege sufficient facts to state a plausible claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(3), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8).  Although complaints filed by pro se plaintiffs are held to less stringent standards than those applied to pleadings prepared by lawyers, even pro se litigants must comply with the Federal Rules of Civil Procedure.  *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jarrell v. Tisch,*

656 F.Supp. 237, 239 (D.D.C.1987).  Plaintiff has failed to do.  NSL is therefore entitled to judgment of dismissal as a matter of law.

NSL filed and served its Notice of Motion and Motion to Dismiss and supporting memorandum on January 4, 2018.  Docket Nos. 18-19. Plaintiff was served by U.S. Mail on January 4, 2018.  Docket Nos. 18-2, 19.  The motion is set for hearing on February 8, 2018.  Consequently, pursuant to L.R. 7-9, Plaintiff's opposition to the motion was due not later than January 18, 2018. To date, Plaintiff has not filed or served opposition to the motion.  Plaintiff's failure to file opposition should be deemed consent to the granting of the motion.  L.R. 7-12.  NSL's Motion to Dismiss should therefore be granted because the Complaint fails to state a claim, Plaintiff failed to oppose the motion, and Defendant is entitled to judgment as a matter of law.

Moreover, Plaintiff should not be granted leave to amend.  Plaintiff failed to appear at the December 7, 2017, Scheduling Conference.  He also let the Court's December 21, 2017, deadline to amend the pleadings lapse without attempting to amend the Complaint, despite his representations that he intended to so do.  These actions, coupled with Plaintiff's failure to oppose the Motion to Dismiss, indicate Plaintiff's clear intention to stand on the merits of the existing Complaint and his knowing waiver of the opportunity to amend.  Further, as described in NSL's motion,

amendment would be futile because Plaintiff's claims either lack a private right of action or concern statutes which do not regulate NSL.

## III.   Conclusion

Based on the foregoing, Plaintiff's Complaint fails to state a claim upon which relief can be granted.   Accordingly, NSL respectfully requests the Court dismiss Plaintiff's Complaint in its entirety without leave to amend.

Dated: 1/25/18                        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorney for Defendant
Navient Solutions, LLC